1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| KAREN ANN PAVONI, Individually; PAMELA JOYCE MOYET, Individually; FRED ARTHUR SCHEID, Individually; BOBBY LYNN COATS, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>CHRYSLER GROUP LLC and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. CV11-10513-RGK (SPx)<br><br>**STIPULATED PROTECTIVE ORDER** |

As stipulated and agreed by and between the respective parties hereto and their counsel, it is hereby ordered by the Court that materials and information produced by Defendant Chrysler Group LLC (hereinafter Chrysler Group) in this matter for discovery and inspection are subject to the following terms, restrictions and conditions.

1.  In responding to written discovery, Chrysler Group may designate as confidential any portion of its responses or documents produced that contain trade secrets or other confidential research, development, or commercial information that it in good faith believes is confidential under Fed. R. Civ. P. 26.

Testimony and other information based upon documents so designated shall be considered confidential and may be so designated as subject to this protective order.

2. In the event that Plaintiffs disagree with Chrysler Group's designation of any item as confidential and subject to this protective order, Plaintiffs shall send a written notice to counsel of record for Chrysler Group identifying the item(s) in question. If Chrysler Group believes the item(s) in question to have been appropriately designated as confidential under federal law, Chrysler Group shall then, within 30 days, move for a determination by this Court that the item(s) in question is to be treated as confidential under Fed. R. Civ. P. 26. The procedure for resolving any such dispute shall be governed by Local Rule 37 (including the joint stipulation requirement). Any motion on such dispute shall be set at the first available mutually convenient hearing date. Any item(s) in dispute shall continue to be treated as confidential and subject to this protective order until such time as the Court issues its ruling.

3. Any documents or information subject to this protective order shall be disclosed only to (a) counsel of record in this action, (b) individuals employed by or assisting counsel in preparation for, or who may testify at the trial of, this action, (c) other counsel representing plaintiffs in pending cases against Chrysler Group in which it was alleged that a Chrysler Group vehicle experienced inadvertent rearward movement after an alleged shift to "Park" and resulted in personal injury, along with individuals employed by or assisting such counsel, or who may testify in such cases, and, (d) governmental authorities. Any materials provided to (c) or (d) shall be subject to such other counsel and/or governmental authorities agreeing in writing to be bound by this protective order, as well as subject to, and within this Court's jurisdiction for purposes of this protective order. Chrysler Group reserves the right to request the identities of the counsel and/or governmental authorities who are provided with information subject to this protective order.

4. Any person or firm to whom such documents or information contained therein is to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this protective order, such person or firm may not divulge any such information to any other person.

5. In accordance with Local Rule 79-5.1, if any papers to be lodged or filed with the Court contain any material that has been designated as confidential, the proposed lodging or filing shall be accompanied by an application to lodge or file the papers or the portion thereof containing the designated material (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

6. The production of such confidential documents or information by Chrysler Group shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

7. The issue of whether protected materials shall be returned to Chrysler Group at the end of this litigation is reserved until the end of this litigation. Plaintiffs will cooperate with counsel for Chrysler Group in returning documents provided to third parties pursuant to any later agreement or court order to do so.

ENTERED this 16th day of November, 2012.

_/s/_____
U.S. Magistrate Judge Sheri Pym